This was a motion for a writ of super-sedeas to a judgment of the District Court of Staunton. The following appeared to have been the proceedings in the cause. The capias having been returned in an action of'"'debt “executed on the defendant, and .Lewis A. Pauly appearance bail;” at the rules, in January, 1806, a, common order was entered against them, which, in February, 1806, was confirmed. At the ensuing April term the appearance bail defended the suit, filed the plea of ‘‘payment by the principal,” and set aside the office judgment. At September term, 1806, the defendant appeared, offered Lewis A. Pauly as special bail, and moved to be. permitted to plead. The x>lain-tifi’s counsel objected to the admission of Pauly as special bail, on the ground that no proof was exhibited of his sufficiency: but the Court overruled the objection, because the plaintiffs had not excepted to him as appearance bail, and therefore were bound to receive him as special bail. Pauly was thereupon permitted to withdraw his plea, and the defendant to plead. He pleaded payment, and the cause was tried at the same term. The plaintiffs filed a bill of ■exceptions to the opinion of the Court.
The petition for a supersedeas stated two points: 1. That Lewis A. Pauly ought not to have been admitted as special bail, because he was not known to be good; 2. That at the term after the office judgment had been set aside by a plea filed by the appearance bail, and an issue made up between him and the plaintiff, the Court had no power to receive special bail, and set aside that issue.
Chapman Johnson, in support of the first point, relied on the language of the act of Assembly, by which the defendant is allowed to set aside the office judgment, upon appearing and giving good special bail, and alleged that the failure to except to Pauly as appearance bail, was no evidence of his being good as special bail. That failure, he contended, might have been the result of inadvertence, or of a choice rather to risk his sufficiency, than to delay the cause, by sending it back to the rules, after he should have been adjudged insufficient. Besides, it it was proven that he was good appearance bail, he might, since he was received as such, have become insolvent.
In support of the second point, he observed that, when an office judgment has been confirmed, the act of Assembly has provided but two means of setting it aside; the one by the defendant’s own appearance and compliance with the requisites of the law at the ensuing Court; the other by the act of tile appearance bail, who may defend the suit; that, therefore, unless one of these two things be done at the term succeeding the confirmation of the office *judgment at the rules, it remains absolute against principal and bail, and neither of them can at any subsequent time claim the right of defending the action.
Wickham, contra. The setting aside of an office judgment is discretionary with the Court. The terms of the act of Assembly are permissive only, viz. that, on complying therewith, an office judgment may be set aside; not prohibitory, so as to prevent its being set aside, for good cause shewn, even after the term assigned for that purpose has elapsed. The admission of special bail, in that stage of the business, is, therefore, entirety discretionary, and, as far as my observation has extended, it has been uniformly allowed, in order to promote the justice of the case. The mere circumstance of receiving a person as appearance bail, entitles him to enter himself special bail; for, if the plaintiff had objected to his sufficiency, he had only to have entered his objection, and taken a common order against the sheriff: his not having done so is a declaration to the defendant that he need not look out for special bail. The practice of the old General Court, which, on points of this nature, has generally been considered conclusive authority, was always conformable to these principles. And moreover, in the case of Main, executor of Hyndman, v. Turnbull, (1) decided in the 'Federal Court, the same doctrine was recognised. The attorney there had pleaded for the appearance bail, and, not two terms only, but several had elapsed, when the appearance bail was permitted to enter himself special bail. It is objected that the common bail cannot appear after the first term. T.o this 1 answer, that he may appear at any time, if he does not delay a trial; which was the case in the present instance, for the cause was tried at the same term at which the common bail was admitted as special bail, and the defendant allowed to plead.
The President delivered the opinion of the Court, (consisting of himself and Judges Carrington and Tucker,) that the supersedeas was refused without any difficulty.

 ll appears, from an examination of therecords of üie Federal Court, that the following were the proceedings in the case of Main, executor of ITynd-man, v. Turnbull: “July. Iv'tfi. common order against the defendant and William Cole, his appearance, bail: August, common order confirmed.’' At the November term, there was no Court, in consequence of the non-attendance of the Judges. “May term, 1797, payment by security and issue. November term ensuing, a Jury was charged, but not agreeing on a verdict, one of the Jurors was withdrawn. November term, 1798, William Cole, the appearance bail, was admitted special ball, and the. cause tried the same term.” — Note in Original Edition.